| | |
|---|---|
| Marc Van Der Hout, Cal. Bar No. 80778<br>Johnny Sinodis, Cal. Bar No. 290402<br>Christine Raymond (admitted pro hac vice)<br>Van Der Hout LLP<br>360 Post Street, Suite 800<br>San Francisco, CA 94108<br>(415) 981-3000<br>ndca@vblaw.com | Amber Qureshi (admitted pro hac vice)<br>Matthew Vogel† (admitted pro hac vice)<br>National Immigration Project<br>1200 18th Street NW, Suite 700<br>Washington, DC 20036<br>(202) 470-2082<br>amber@nipnlg.org<br>matt@nipnlg.org |
| Diala Shamas (admitted pro hac vice)<br>Center for Constitutional Rights<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>(212) 614-6464<br>dshamas@ccrjustice.org | Golnaz Fakhimi (admitted pro hac vice)<br>Muslim Advocates<br>1032 15th Street N.W. #362<br>Washington, D.C. 20005<br>(202) 655-2969<br>golnaz@muslimadvocates.org |

*Attorneys for Plaintiff Van Der Hout LLP (continued on next page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAN DER HOUT LLP,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF STATE,<br><br>    Defendants. | No. 3:24-cv-01095<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference Date: May 30, 2024**<br><br>**Time: 10:00 AM**<br><br>**Before: Hon. James Donato** |

*[Caption Page Continued – Additional Attorneys for Plaintiff Van Der Hout LLP]*

Christopher Godshall-Bennett (admitted pro hac vice)
American-Arab Anti-Discrimination Committee
1705 DeSales Street, NW, Suite 500
Washington, D.C. 20036
(202) 244-2990
cgb@adc.org

† not admitted in D.C.; working remotely from and admitted in Louisiana only

JOINT CASE MANAGEMENT STATEMENT

The parties jointly submit this Case Management Statement pursuant to Civil Local Rule 16-9, Standing Order for Civil Cases Before Judge James Donato, and Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

1. Jurisdiction and Service

Plaintiff brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq*. All parties have been served. There are no issues concerning personal jurisdiction, venue, or service.

2. Facts

Plaintiff's Statement: On July 19, 2023, the United States signed a Memorandum of Understanding (MOU) with Israel specifying the conditions under which Israel would be allowed to enter the Visa Waiver Program. The terms of the MOU, according to Defendant Department of State's (DOS) official communications, allow Israel to discriminate against Palestinian Americans, subjecting them to a different set of enhanced requirements for entry into Israel from other Americans. On September 26, 2023, despite concerns from Congressmembers and advocacy organizations, Defendant Department of Homeland Security (DHS) designated Israel as a country eligible to participate in the Visa Waiver Program. At the time, DHS claimed that Israel had made "updates" to its entry policies in order to meet the "Blue is Blue" reciprocity requirement. The "Blue is Blue" reciprocity requirement requires that the foreign country participating in the Visa Waiver Program must treat all blue U.S.-issued passports equally and must not discriminate against classes of U.S. citizens for purposes of determining entry into the foreign country. *See* 8 U.S.C. § 1187(a)(2)(A) (countries participating in the Visa Waiver Program must extend reciprocal privileges to citizens and nationals of the United States). However, Defendant DOS's website describing entry procedures for U.S. citizens intending to visit Israel under the Visa Waiver Program delineated—and still delineates—two sets of rules: one for Americans holding a Palestinian ID, and another for all other U.S. citizens.[1]

---

[1] "Israel, the West Bank and Gaza," U.S. Department of State, https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/IsraeltheWestBankandGaza.html#:~:text=Do%20I%20need%20a%20visa,and%20from%20the%20West%20

On October 27, 2023, Van Der Hout LLP (Plaintiff) submitted a FOIA request to Defendants seeking a copy of the MOU that the United States signed with Israel specifying the conditions under which Israel would be allowed to enter the Visa Waiver Program, and any updates to the terms of the MOU since it was signed on July 19, 2023. As of February 23, 2024, when Plaintiff filed the Complaint, *see* Dkt. 1, Defendants had not released any record(s) responsive to the FOIA request.

Plaintiff and Defendants have engaged in four meet-and-confers since the Complaint was filed. On April 15, 2024, Plaintiff provided Defendants an unsigned, 13-page copy of what is believed to be the MOU at issue in this matter, which the Foundation for Middle East Peace made publicly available on its website.[2]

Defendants filed their Answer on April 17, 2024. *See* Dkt. 29.

On May 22, 2024, Defendants provided two letters to Plaintiff regarding their search for information responsive to Plaintiff's FOIA Request. Defendant DHS stated that it "located 13 pages of records[]in response to FOIA request parts a and b," and further stated that "[t]hose records are under the purview of" Defendant DOS. As a result, Defendant DHS transferred those pages to Defendant DOS "for processing and direct response to" Plaintiff. Defendant DHS stated it "located no responsive records for FOIA request part c." Defendant DOS, in turn, stated that it "identified one responsive record subject to FOIA" and claimed that "the record must be withheld in its entirety," citing "FOIA Exemption 1, 5 U.S.C. § 552(b)(1)." Plaintiff sought clarification as to which Executive Order Defendant DOS is utilizing to claim that the responsive record is exempt from disclosure and, specifically, which part(s) of the Executive Order are implicated. On May 23, 2024, Defendant DOS claimed that parts 1.4(b) and 1.4(d) of Executive Order 13,526 are applicable to Plaintiff's FOIA request.

---

Bank (stating that U.S. citizens who are also residents of the West Bank, and U.S. citizens who are also listed on the Palestinian Population registry for Gaza and have a center of life in Gaza, must apply for either a permit or visa to enter Israel).

[2] "Memorandum of Understanding between The Government of the State of Israel And The Government of the United States of America On Extension of Reciprocal Privileges and the Visa Waiver Program," Foundation for Middle East Peace, https://fmep.org/wp/wp-content/uploads/US-Israel-VWP-MOU-.pdf.

**Defendants' Statement**: Defendants completed their responses to Plaintiff's FOIA request on May 22, 2024.

3. Legal Issues

(1) Whether Defendants violated the FOIA by improperly refusing to conduct a search or respond to the FOIA request within the statutory period; (2) whether Defendants have violated the FOIA by withholding and failing to disclose agency records; (3) whether Defendants failed to conduct timely and adequate searches reasonably calculated to uncover responsive records; (4) whether Defendants have improperly applied FOIA Exemption 1 to withhold agency records from Plaintiff; and (5) whether Plaintiff is entitled to declaratory and injunctive relief. *See* 5 U.S.C. §§ 552 *et seq*. To the extent that Defendants continue to withhold responsive records in part or in full, Plaintiff may seek a determination by this Court of whether such withholdings are permissible under the FOIA.

4. Motions

There are no prior or pending motions. Plaintiffs anticipate that the remaining issues above will be submitted to the Court via cross-motions for summary judgment.

5. Amendment of Pleadings

At this time, the parties do not anticipate amending their pleadings.

6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties acknowledge their duty to preserve relevant materials in accordance with applicable rules and case law and have met and conferred regarding the same. *See* Fed. R. Civ. P. 26(f).

7. Disclosures

At this time, the parties do not anticipate the need for discovery in this FOIA action and respectfully request that the Court excuse the parties from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26.

8. Discovery

To date, no discovery has been taken by any party. While the parties do not anticipate the

need for discovery in this FOIA action at this time, Plaintiff notes that discovery may be appropriate in certain circumstances and reserves the right to seek discovery. *See, e.g.*, *Carney v. DOJ*, 19 F.3d 807, 812-13 (2d Cir. 1994) (discovery appropriate where a party has provided "some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate"). Defendants maintain that discovery is not warranted. *See, e.g.*, *id.* at 812 ("[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face.").

9. Class Actions

This is not a class action.

10. Related Cases

Counsel for the parties are unaware of any related cases before another judge of this Court.

11. Relief

Plaintiff's Statement: Plaintiff seeks declaratory and injunctive relief with respect to the search, release, and disclosure of requested agency records, as well as attorneys' fees and costs.

Defendant's Statement: Defendants deny that Plaintiff is entitled to relief and seek dismissal of this action and costs.

12. Settlement and ADR

The parties have conferred several times in an attempt to resolve their disputes and do not believe that ADR is necessary or appropriate at this time. If the parties are unable to resolve all of the issues raised by Plaintiff's Complaint, the parties may seek referral to a United States Magistrate Judge for a settlement conference at an appropriate time.

13. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or reference to the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

The parties have conferred several times in an effort to reach agreement regarding the

scope of the FOIA request and Defendants' processing and production of responsive documents. Plaintiff maintains that the discussions have not been successful.

15. Scheduling

Because Defendants are representing that they have completed their responses to Plaintiff's FOIA request, Plaintiff anticipates filing for summary judgment. The parties will discuss a briefing schedule and hope to present the Court with a proposed schedule at the Case Management Conference on May 30, 2024.

16. Trial

The parties anticipate that, if the parties do not reach a negotiated resolution, this entire case will be resolved on summary judgment. Thus, the parties do not anticipate the need for trial in this case.

17. Disclosure of Non-Party Interested Entities or Persons

Plaintiff has filed the Certification of Interested Entities or Persons. *See* Dkt. 3. Defendants are government entities that are exempt from filing a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15.

18. Professional Conduct

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Other

The parties are not presently aware of other matters that should be brought to the attention to the Court.

Dated: May 23, 2024					Respectfully submitted,

							/s/ Johnny Sinodis
Diala Shamas (admitted pro hac vice)			Marc Van Der Hout, Cal. Bar No. 80778
Center for Constitutional Rights			Johnny Sinodis, Cal. Bar No. 290402
666 Broadway, 7th Floor					Christine Raymond (admitted pro hac vice)
New York, NY 10012					Van Der Hout LLP
(212) 614-6464						360 Post Street, Suite 800
dshamas@ccrjustice.org					San Francisco, CA 94108
							(415) 981-3000

Golnaz Fakhimi (admitted pro hac vice)
Muslim Advocates
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 655-2969
golnaz@muslimadvocates.org

Christopher Godshall-Bennett (admitted pro hac vice)
American-Arab Anti-Discrimination Committee
1705 DeSales Street, NW, Suite 500
Washington, D.C. 20036
(202) 244-2990
cgb@adc.org

ndca@vblaw.com

Amber Qureshi (admitted pro hac vice)
Matthew Vogel†(admitted pro hac vice)
National Immigration Project
1200 18th Street NW, Suite 700
Washington, DC 20036
(202) 470-2082
amber@nipnlg.org
matt@nipnlg.org

† not admitted in DC; working remotely from and admitted in Louisiana only

       Attorneys for Plaintiff

       ISMAIL J. RAMSEY
       United States Attorney

       *s/Shiwon Choe**
       Shiwon Choe
       Assistant United States Attorney

       Attorneys for Defendants

* In compliance with Civil Local Rule 5-1(i)(3), the filer attests that all signatories have concurred in the filing of this document.